OPINION
Plaintiff-appellant, Vonalee Murray, appeals from the judgment of the Portage County Court of Common Pleas, Juvenile Division.
On June 30, 1981, appellant, a resident of Erie, Pennsylvania, filed a complaint in the Court of Common Pleas of Erie County, Domestic Relations Division, to establish paternity and support for her son against defendant-appellee Jeffrey Welch, a resident of Ravenna, Ohio. In her complaint, appellant alleged that she and appellee were not married to each other but dated from January 1980 to May 1980, and as a result of their relationship, she gave birth to a child, Sean Matthew Murray, on January 19, 1981. Appellee never answered appellant's complaint and did not appear at any of the hearings set by the Court of Common Pleas of Erie County. Frustrated by appellee's failure to appear in Erie County and faced with mounting bills from her son's medical care for juvenile arthritis and Tourette's Syndrome, appellant filed a complaint to establish paternity in the Portage County Court of Common Pleas, Juvenile Division, on May 14, 1993.
On May 12, 1994, the Portage County Court of Common Pleas, Juvenile Division, issued a judgment entry stating that by agreement of the parties, appellee is the natural father of Sean Matthew Murray and reserved jurisdiction over matters of child support, medical care, and visitation. On July 13, 1994, the juvenile court issued a judgment, which incorporated the parties' agreement concerning support, visitation rights, and payment of the child's medical expenses. The juvenile court ordered appellee to pay $70 per week in child support and further ordered that:
 "Defendant shall cover said minor child with the health insurance plan. Any medical, dental, hospital, optical, and prescriptive drug expenses for the care of said child which are otherwise not covered by an insurance policy carried by defendant for the benefit of the child shall be paid as follows:
Plaintiff — 30% — Defendant — 70%
 "The obligation of Defendant to provide and be responsible for the payment of the medical expenses for said child shall continue until the child's support obligation terminates. The only obligation the Defendant shall have beyond the child support obligation period shall be as follows: The Defendant shall cover the child under the provisions of his health insurance as a full-time college student provided said health care insurance can be secured without additional cost to Defendant.
 "Defendant shall have reasonable rights of visitation with said child in accordance with the out-of-state schedule of vistitations adopted by the Domestic Court of Portage, a copy of which is attached hereto and made a part hereof. The Court further reserves the right to adopt a plan implementing visitations with said minor child considering the fact that said child does not know the Defendant, and Defendant does not know said child."
On May 27, 1997, appellee filed a motion for specific visitation, requesting that the juvenile court set forth specific dates for visitation and grant appellee the right to the child's educational and health information as permitted by law. On June 9, 1997, appellant filed an objection to appellee's motion for specific visitation, arguing that appellee should not be be granted specific visitation because he has not exercised his right to visitation and that it is in the best interests of the child to establish a relationship with his father before extended visitation occurs. On June 26, 1997, a hearing was held before a magistrate on appellee's motion for specific visitation. At the hearing, the parties, who were both represented by counsel, informed the magistrate that they had reached an agreement resolving the issues raised in appellee's motion. Mr. Ranftl, counsel for appellee, read the terms of the agreement into the record. One of the agreement's terms was that appellee shall have access to educational and medical providers for the child and that appellant shall provide him with the name, address, and numbers of those providers. At the conclusion of the hearing, the magistrate instructed Mr. Ranftl to prepare an entry memorializing the terms of the agreement and submit that to the court within fourteen days. Mr. Ranftl prepared the entry and sent it to appellant's counsel for appellant to sign; however, appellant refused to sign the entry and dismissed her attorney. After not receiving the entry within fourteen days, the juvenile court rescheduled the hearing for appellee's motion for specific visitation for August 6, 1997.
On August 5, 1997, one day before the hearing scheduled in Portage County, appellant filed a complaint for custody in Erie County, Pennsylvania. According to a memorandum opinion issued by the Erie County Court of Common Pleas, paragraph six of appellant's complaint alleged that "there is a collateral custody action filed in Ohio concerning this child which does not have proper jurisdiction in this matter." Because appellant did not provide the name of the Ohio court and the docket number, the Erie County Court of Common Pleas scheduled a custody conciliation conference for October 13, 1997.
At the August 6, 1997 hearing in Portage County, appellant appeared pro se and indicated that she would not sign the entry prepared by Mr. Ranftl because its terms did not reflect the agreement discussed at the hearing on June 26, 1997. She also contended that the Portage County Court of Common Pleas did not have jurisdiction over issues of custody and visitation, pursuant to the Uniform Child Custody Jurisdiction Act ("UCCJA"), because she and her son are residents of Pennsylvania. The magistrate rejected appellant's argument concerning jurisdiction and told the parties that he would review the transcript of the June 26 hearing to decide if the terms of the proposed entry accurately reflected the terms verbally recited at the previous hearing.
On October 13, 1997, appellant appeared pro se at the conciliation conference held at the Court of Common Pleas of Erie County. Appellee failed to appear at the scheduled conference. On October 15, 1997, the Erie County Court of Common Pleas entered an order awarding legal and physical custody of the child to appellant. Paragraphs 2 and 3 of the order declared that:
 "The child shall reside with his mother, except that the father shall have contact with the child as will be determined by mutual agreement.
 "The father may request medical and school information through the mother, and any information given will be in the child's best interest."
On December 24, 1997, the magistrate from the Portage County Court of Common Pleas filed his decision, in which he determined that the proposed entry drafted by appellee's counsel accurately reflected the terms verbally recited at the June 26 hearing. He, therefore, recommended that the proposed stipulated order be entered as the order of the court. At the end of the magistrate's decision, the trial court adopted the magistrate's decision and ordered that the proposed stipulated order shall be entered as an order of the court. Relevant portions of the stipulated order provided:
 "1. Defendant's motion for specific visitation shall be held in abeyance;
 "2. The parties shall cooperate with each other, encourage visitation, and both shall strive to increase visitation until the standard Order of Visitation is implemented;
 "3. Defendant shall have visitation at any time in the area of the child's residence with 24 hour advance notice;
 "4. Defendant shall be entitled to all information concerning the child's health and education as permitted by law.
 Upon the request of schools, doctors, dentists, or any other specialist having contact with the child, there shall be no confidentiality concerning either party; and either party may request any and all information concerning the child.
"Pursuant to ORC 3109.051 (H), (I), (J), (K), both parties are entitled to access under the same terms and conditions, and to the same extent to:
"Any record that is related to the child;
"Any child care center; and
"Any student activity that is related to the child;
 "Plaintiff shall provide Defendant with the name, address and telephone number of all health care providers and schools attended by the minor child;
On January 30, 1998, appellant retained a new attorney and filed objections to the magistrate's decision, claiming that the Portage County Court of Common Pleas lacked subject matter jurisdiction over issues of custody and visitation and that only Pennsylvania had jurisdiction over the case. On February 4, 1998, before the trial court ruled on appellant's objections to the magistrate's decision, appellant filed a notice of appeal from the combination magistrate's decision/trial court judgment entry filed January 5, 1998. On February 18, 1998, appellant filed a motion to dismiss appellee's motion for specific visitation, again contesting subject matter jurisdiction of the Portage County Court of Common Pleas.
On March 2, 1998, the juvenile court held a hearing on appellant's objections to the magistrate's decision. At the hearing, appellee agreed to withdraw all requests for visitation, and appellant agreed to dismiss her objections to the magistrate's decision, her motion to dismiss for lack of subject matter jurisdiction, and her appeal. The juvenile court agreed to delete all language from the judgment entry which concerned issues of visitation. On March 4, 1998, the juvenile court filed a judgment entry, which contained the stipulated order filed on January 5, 1998, without the first three paragraphs which discussed appellee's visitation rights. On March 23, 1998, appellant's appeal was dismissed at her request, and on April 2, 1998, appellant filed a notice of appeal from the March 4, 1998 judgment entry. From that judgment, appellant assigns the followings errors:
 "[1.] The trial court erred and abused its discretion when it exercised jurisdiction over custody and visitation issues regarding the minor child in contravention of Ohio Revised Code § 3109.21
et seq., the Uniform Child Custody Jurisdiction Act (UCCJA).
 "[2.] Assuming, arguendo, that the trial court possessed concurrent jurisdiction with the Pennsylvania court concerning custody and visitation, the Pennsylvania court is the proper court to determine such matters, and the trial court erred in failing to decline jurisdiction pursuant to Ohio Revised Code § 3109.25(A) (C)."
We will address appellant's two assignments of error together because they both concern whether the juvenile court abused its discretion by assuming jurisdiction. Appellant contends that Ohio's version of the UCCJA, R.C. 3109.21 et seq., governs whether the juvenile court properly assumed jurisdiction. She maintains that pursuant to the UCCJA, which provides that a state should not assume jurisdiction over a custody case unless certain prerequisites exist, the juvenile court should not have made orders regarding access to the child's records pursuant to R.C.3109.051(H), (I), (J), and (K) because the Erie County Court of Common Pleas had previously made an order concerning that issue.
The only issue in this appeal is whether the juvenile court had jurisdiction to make the order that appellee is entitled to "(1) [a]ny record that is related to the child; (2) [a]ny child care center; and, (3) [a]ny student activity that is related to the child." Appellant is correct in her contention that this order is related to companionship and visitation rights; however, such rights are not issues of custody and, therefore, do not fall within the scope of the UCCJA. Snelling v. Gardner (1990),69 Ohio App.3d 196, 204-205, 590 N.E.2d 330. Because custody is not in dispute, the UCCJA does not apply to this case, and the juvenile court did not err by failing to follow it.
As the Tenth District stated in Snelling:
 "The Ohio Supreme Court in In re Wonderly (1981), 67 Ohio St.2d 178, 180, 423 N.E.2d 420, stated that the express purposes of the UCCJA are `to avoid jurisdictional competition and conflict with the courts of other states and assure that the state with the optimum access to the relevant facts make the custody determination * * *," (Emphasis added.) The court held further, at 183, that a `custody determination' requires application of the UCCJA when the custody of a minor child is the primary issue or one of several issues in the case.
 "Despite petitioner's argument that the issue of visitation brings into play the provisions of the UCCJA in this case, given the language of In re Wonderly and by the very nature of the Act, custody of the child must be a disputed issue before the UCCJA applies."
Although an amendment to R.C. 3109.21 changed the phrase "custody determination" to "parenting determination," the two are interchangeable. R.C.3109.21(B) defines "parenting determination" as:
 "a court decision and court orders and instructions that, in relation to the parents of a child, allocates parental rights and responsibilities for the care of the child, including any designation of visitation rights, and designates a residential parent and legal custodian of the child or that, in relation to any other person, provides for the custody of a child, including visitation rights. It does not include a decision relating to child support or any other monetary obligation of any person." (Emphasis added)
Because the juvenile court did not make an order designating a residential parent and legal custodian of the child, its order was a not a "parenting determination" and the UCCJA does not govern jurisdiction.
Contrary to appellant's assertions, it does not matter that the trial court's orders concerning appellee's access to his child's records are provided for in R.C. 3109.051, the section on visitation rights, rather than R.C. 3109.05, the section on child support. The juvenile court had jurisdiction to order that appellee is entitled to obtain information about his child because a trial court has continuing jurisidiction over visitation issues that arise after paternity is established. R.C. 3113.13; R.C.3113.16. That appellant filed a custody action in Pennsylvania does not affect Ohio's jurisdiction. As the Erie County Court of Common Pleas noted:
 "Ms. Murray acknowledges that Mr. Welch filed a Motion for Specific Visitation in Portage County, Ohio, on May 27, 1997, more than two months prior to Ms. Murray having filed her Custody Complaint in Erie County on August 5, 1997.
 "Although Ms. Murray asserts that she objected to Portage County, Ohio assuming jurisdiction of the custody proceedings and that her then counsel filed an objection on June 6, 1997 to the father's Motion for Specific Visitation, Ms. Murray submitted herself to the jurisdiction of that Court on June 26, 1997 and on August 6, 1997. It is therefore apparent that the Portage County action preceded the initiation of the Erie County action and this Court must defer to its sister Court in Ohio."
Because the UCCJA does not apply to this case and appellant filed her paternity suit in the Portage County Court of Common Pleas, the trial court did not err by assuming jurisdiction over issues concerning the child's records and educational information. Appellant's assignments of error are without merit.
For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, Juvenile Division is affirmed.
 __________________________________________ JUDGE ROBERT A. NADER
FORD, P.J., CHRISTLEY, J., concur.